## Appeal of DAVID B. MILLS.                    Docket No. 364.

The Board has no jurisdiction to determine appeals from deficiencies in tax imposed by statutes prior to the Revenue Act of 1916.

Submitted December 4, 1924; decided December 18, 1924.

*John A. Conlin, Esq.,* for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The petition states that the tax in controversy is an income tax for the year 1915. The Solicitor moves to dismiss the petition for the reason that it involves income tax for the year 1915 and because the tax was assessed before January 1, 1924. Hearing was had upon the motion at which counsel for the Commissioner urged that "according to section 280 of the statute (Revenue Act of 1924) the Board's jurisdiction does not extend any further back than the Revenue Act of 1916." Counsel for the taxpayer was then heard. The motion was granted and the appeal dismissed from the bench at the time of hearing upon the following oral opinion by

STERNHAGEN: The Board will have to dismiss the petition on the first point. Therefore, there is no use going into the second point.

The Revenue Act of 1924 makes it clear that this Board has no jurisdiction with respect to taxes imposed by an act prior to the Revenue Act of 1916. The act under which the taxes here in question were imposed is admittedly the Act of 1913. The argument that you have addressed to the Board is practically entirely based upon the Commissioner's willingness and voluntary action in applying to a tax arising under the 1913 Act the remedial procedure given to a taxpayer with respect to the later acts. Whether the Commissioner was required by the statute to do that or not is not necessary for us to consider now, but it is necessary for us to say that his voluntary action in doing so can not, of course, confer jurisdiction on this Board, or require this Board to take a similar beneficent attitude that Congress has not seen fit to give the Board power to take. We are of opinion that there is nothing in the Revenue Act of 1924 which gives the Board jurisdiction over a tax imposed by any statute prior to the Revenue Act of 1916, and there is nothing in the Revenue Act of 1924 which gives the taxpayer the right to appeal to this Board with respect to any taxes imposed prior to the Revenue Act of 1916, and therefore we must dismiss the petition upon the motion made by the Commissioner and it is unnecessary to consider the second point.

Mr. CONLIN: Mr. Chairman, may I just make this statement that Congress in drafting the 1924 Revenue Act remained silent. Now, there is a grave question in my mind if by remaining silent it did not have the thought in mind that the tax under the earlier statute was outlawed and that there was no necessity of bringing that in.

Mr. STERNHAGEN: It is not for us to consider what Congress probably had in mind when it enacted the statute. That has very recently been decided by the Supreme Court of the United States in the case of the *New York Central* v. *Interstate Commerce Commission* where the Interstate Commerce Commission attempted to decide what Congress had in mind with reference to the interchangeable mileage books. The Supreme Court clearly stated that the Commission had no right to speculate on what Congress wanted.

We do know that this Board is a board of limited jurisdiction, under section 900 of the statute, and that section 900 does not in terms give us jurisdiction over cases prior to the Revenue Act of 1916. That statute gives new rights to the taxpayer with respect to appeals to this Board and it gives him no rights with respect to taxes under

acts prior to the Revenue Act of 1916.    Therefore it seems to me the act is complete.

The decision is now confirmed by the Board and the appeal dismissed in accordance therewith.