LANCASTER LENS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11603. Promulgated March 2, 1928.

*David J. Shorb, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

1154

OPINION.

GREEN: The petition alleges and the answer admits that the "taxes in controversy are income and profits taxes for the calendar years 1910, 1911, 1918, and 1919." Congress did not give us jurisdiction to determine appeals from deficiencies in tax imposed by statutes prior to the Revenue Act of 1916 and we must therefore dismiss the appeal as far as it pertains to the years 1910 and 1911. *Appeal of David B. Mills*, 1 B. T. A. 199. *Appeal of Herald-Despatch Co.*, 4 B. T. A. 1096.

Regarding the year 1918 the respondent contends that the return filed on April 25, 1919, was not the return required by statute in that it did not include all items of income and deductions; that the amended return filed in 1925 was the return so required; and that in any event the voluntary filing of the amended return amounted in effect to the waiving of the statute of limitations. The identical question involved here has been before the Board many times in other cases and we have always held that the filing of an amended return did not extend the statute of limitations. See *Appeals of National Refining Co. of Ohio*, 1 B. T. A. 236; *Mabel Elevator Co.*, 2 B. T. A. 517; *New York Trust Co., et al., Executors*, 3 B. T. A. 583; *Belle. R. Weaver, et al.*, 4 B. T. A. 15; *Mrs. R. Sydney Smith*, 4 B. T. A. 385; *Mrs. Fred W. Gooding*, 4 B. T. A. 388; and *Mrs. E. G. Gooding*, 4 B. T. A. 389. See also *United States v. National Refining Co. of Ohio*, 21 Fed. (2d) 464. Compare *Appeals of Dallas Brass & Copper Co.*, 3 B. T. A. 856, and *F. A. Hall Co.*, 3 B. T. A. 1172. In our opinion it is immaterial that the return filed on April 25, 1919, did not include all the income or deductions. There is no intimation that the return was fraudulently filed or that it did not disclose what the petitioner's officers believed was the correct tax liability at the time. Compare *Abraham Werbelovsky, Executor, v. Commissioner*, 8 B. T. A. 442. In our opinion the return filed on April 25, 1919, was the return required by section 239 of the Revenue Act of 1918. In accordance with section 277 (a) (2) of the Revenue Act of 1924, the time within which any deficiency in taxes for 1918 could be assessed

had expired when the respondent issued his deficiency letter on December 10, 1925. Such deficiency may not be assessed or collected now. See section 277(a)(3) of the Revenue Act of 1926.

There is no deficiency for 1918. The deficiency for 1919 should be redetermined by restoring to invested capital for 1919 the amount by which invested capital was reduced by reason of the outlawed deficiency for 1918. The correct amount which should have been prorated and deducted was $1,436.36.

*Judgment will be entered on 15 days' notice, under Rule 50.*